(No. 77-CC-1487 

JOHN TEBBENS, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Order filed April 17, 1978*

HOLDERMAN, J.

This matter comes before the Court on a motion filed by Respondent to dismiss said cause.

The complaint seeks to recover travel expenses which were incurred in fiscal year 1975, from May through June 1975, in the amount of $894.84. Claimant submitted a voucher for this amount on July 30, 1975, by which time the amount left in the travel appropriation was only $486.52, causing Claimant's reimbursement to be $408.32 less than his request.

The remaining amount of the claim, $743.95, was part of a request for travel expenses totalling $1,454.66, submitted for travel during fiscal year 1976. Of the total amount, $743.95 was determined by the Commission to be in excess of the allowable maximum. On December 8, 1976, the Commission reconsidered its decision and allowed Claimant the $743.95. By this

240

time, the travel expense appropriation had not only lapsed but had been depleted as well.

Therefore, in regard to the amount of $408.32, the travel fund's total depletion for the fiscal year of 1975 prevented payment; in regard to the amount of $743.95, payment was denied not only because of depletion of funds for fiscal year 1976, but because the funds had lapsed, as shown by the departmental report.

The Respondent cited the case of *Fergus v. Brady, 277 Ill. 272,* and the case of *Schutte & Koerting Co., et al v. State of Illinois, 22 Ill. Ct. Cl. 591,* in which this Court held that "the legislature was expressly enjoined by Sec. 19 of Art. IV of the Illinois Constitution from appropriating a sum of money to pay a claim previously incurred in excess of an appropriation."

The Court also cited the case of *Fergus v. Russell, 277 Ill. 20 at page 25:*

"The Court of Claims is a statutory body not provided for in the Constitution, and its action can have no effect upon the power of the legislature to pay claims against the State. If the legislature has no such power in any case, favorable action by the Court of Claims would not give the legislature power to pay such claim by making appropriations therefor."

Motion to dismiss is hereby granted and this cause is dismissed.